# PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW • Washington DC 20009
202/588-1000 • www.citizen.org

September 25, 2025

**By ECF**

Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re: *New York Legal Assistance Group v. McMahon*, No. 21-888

Dear Ms. Wolfe:

      Plaintiff-Appellant New York Legal Assistance Group (NYLAG) submits this letter brief in response to the Court's September 4, 2025, Order requesting the parties' positions as to "the effect of the district court's order and amended judgment entered on March 20, 2025, on this reinstated appeal." Doc. 256 (internal citation omitted).

      The district court's order had two effects. First, as contemplated by this Court's January 5, 2024, Order, the order eliminated any potential concern about this Court's appellate jurisdiction. Second, the order mooted NYLAG's argument on appeal that the district court abused its discretion in declining to sever and vacate the provision of the challenged rule it had found unlawful. The Court should thus proceed to consideration of the remaining merits issues on appeal.

# BACKGROUND

## I.   Initial District Court Proceedings

The Higher Education Act directs the Department of Education (ED) to specify in regulations "which acts or omissions of an institution of higher education a borrower may assert as a defense to repayment of a loan made under" Title IV of that Act, and how such defenses can be asserted. 20 U.S.C. § 1087e(h). On September 23, 2019, ED issued a final rule pursuant to this directive. *See* Final Rule, Student Assistance General Provisions, Federal Family Education Loan Program, and William D. Ford Federal Direct Loan Program, 84 Fed. Reg. 49,788 (Sept. 23, 2019). On February 19, 2020, NYLAG, a nonprofit organization that, among other things, provides advice and assistance to student borrowers asserting defenses to repayment pursuant to 20 U.S.C. § 1087e(h), commenced this action under the Administrative Procedure Act, alleging that various aspects of that Rule were issued without observance of procedure required by law, and were arbitrary, capricious, and contrary to law. JA 1521–42 (Compl.).

On March 17, 2021, the district court resolved the parties' pending cross-motions for summary judgment. The court granted summary judgment to NYLAG "on its claim that the 2019 Rule's statute of limitations on defensive claims is not a logical outgrowth of the rulemaking process" and granted summary judgment to ED on all other claims. *NYLAG v. DeVos*, 527 F. Supp. 3d 593, 609 (S.D.N.Y. 2021)

(*NYLAG I*). In discussing remedy, the court held that vacatur was not justified because "the vast majority of the 2019 Rule remains untouched" and vacatur of the 2019 rule in its entirety would cause "some degree of disruption to students asserting borrower defenses" under that Rule. *Id.* The court did not address the possibility of severance and vacatur of the defensive statute of limitations provision as to which it had ruled in favor of NYLAG. *See id.* The court subsequently entered judgment on all claims, "remanded to ED for further proceedings consistent with this Court's Opinion and Order," and closed the case. SPA-23 (Judgment).

## II. Proceedings Before This Court

NYLAG appealed to this Court. Dist. Ct. ECF 78 (Notice of Appeal). On appeal, NYLAG argued that the district court abused its discretion in failing to sever and vacate the defensive statute of limitations, Appellant Br. 62–66, and that the court erred in entering summary judgment to ED on its claim that aspects of the Rule were arbitrary and capricious, *id.* at 25–62. In response, in addition to making merits arguments, ED argued that "because the district court's order remanded the matter to the agency for further proceedings, it was not a final decision that is appealable under 28 U.S.C. § 1291" and, thus, this Court should dismiss the appeal. *NYLAG v. Cardona*, No. 21-888-cv, 2024 WL 64220, at *2 (2d Cir. Jan. 5, 2024) (*NYLAG II*). In reply, NYLAG argued that the remand language in the district court's order did

not bar appellate review because "(1) the district court did not direct the agency to reconsider the dispute that gave rise to NYLAG's claims; (2) the district court did not contemplate further proceedings before it; and (3) the current appeal is the only opportunity [for NYLAG] to appeal the district court's order." Appellant Reply Br. 7 (citing, *inter alia*, *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017)).

After oral argument, this Court issued an order partially remanding the action to the district court. *NYLAG II*, 2024 WL 64220. Concluding that the district court had erred by failing to "consider whether it should sever and vacate the statute of limitations provision while keeping the rest of the 2019 Rule intact, and because that determination could impact the jurisdictional issue presented on appeal," the Court decided to "partially remand to the district court to consider the severability issue, while retaining the appeal in accordance with the procedure set out in *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir. 1994)." *Id.* at *2. The Court noted that a decision by the district court "to sever and vacate only the procedurally defective statute of limitations provision and amend[] its judgment accordingly, with no remand," would eliminate any concerns about appellate jurisdiction, as there is no "authority to support the suggestion[] that such a judgment would lack finality for purposes of establishing appellate jurisdiction given that it would 'conclusively determine[] the

pending claims of all the parties to the litigation.'" *Id*. at *3 (quoting *Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 109 (2d Cir. 2014)).

## III. Proceedings on Remand

On limited remand in the district court, NYLAG moved to amend the judgment to sever and vacate the defensive statute-of-limitations provision without remand to the agency. ED cross-moved for severance of that provision, with remand and without vacatur, and for certification of the "judgment regarding the remainder of the rule as a partial final judgment under Federal Rule of Civil Procedure 54(b)." *NYLAG v. Cardona*, No. 20 Civ. 1414 (LGS), 2025 WL 871371, at *2 (S.D.N.Y. Mar. 20, 2025) (*NYLAG III*). On March 20, 2025, the district court granted NYLAG's motion and amended the judgment "to sever and vacate the Limitations Provision, without remand of that provision to the ED for further proceedings." *Id.* at *5. The district court denied ED's cross-motion for certification pursuant to Rule 54(b), finding that rule "inapplicable" because "final judgment has been rendered on all claims in the case." *Id.*

In accordance with this Court's January 5, 2024, order, NYLAG then promptly filed a request to reinstate the appeal. This Court granted that request on March 28, 2025. Doc. 250.

## ARGUMENT

**I.  The district court's amended judgment eliminates any doubt as to appellate jurisdiction.**

In directing a limited remand to the district court, this Court recognized that "if the district court decides to sever and vacate only the procedurally defective statute of limitations provision and amends its judgment accordingly, with no remand," this Court's jurisdiction pursuant to 28 U.S.C. § 1291 would be secure. *NYLAG II*, 2024 WL 64220, at *3. This Court explained that there is no "authority to support the suggestion[] that such a judgment would lack finality for purposes of establishing appellate jurisdiction given that it would 'conclusively determine[] the pending claims of all the parties to the litigation.'" *NYLAG II*, 2024 WL 64220, at *3 (quoting *Mead*, 768 F.3d at 109). The district court has now done just that, and thus any doubt as to finality under section 1291 has been eliminated.

In determining whether finality exists, this Court asks whether, "following the district court's decision, further proceedings are contemplated or required." *Bey v. City of New York*, 999 F.3d 157, 163 (2d Cir. 2021). Here, the district court has entered judgment on each of NYLAG's claims "on the merits and le[ft] nothing for the court to do but execute the judgment." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (cleaned up). The district court's opinion was explicit in this regard: "[B]ecause the Limitations Provision is vacated without remand and the remainder

of the 2019 Rule was fully adjudicated in the Summary Judgment Opinion, final judgment has been rendered on all claims in the case." *NYLAG III*, 2025 WL 871371, at *5.

Because there is nothing "tentative, informal or incomplete" about the district court's amended judgment that would deprive that judgment of finality, *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), jurisdiction exists pursuant to 28 U.S.C. § 1291.

## II. The district court's amended judgment moots NYLAG's arguments as to the claim upon which it prevailed.

In its briefs on appeal, NYLAG argued that the district court abused its discretion in failing to sever and vacate the portion of the Rule it held unlawful. In *NYLAG II*, this Court "agree[d] with NYLAG" that the district court did not "consider[] the possibility of severing and vacating the statute of limitations provision, while leaving the rest of the 2019 Rule intact" and directed the district court to do so. *NYLAG II*, 2024 WL 64220, at *2. Because the district court has now done so, and granted the relief that NYLAG sought as to the provision the district court held unlawful, NYLAG's arguments as to the failure to sever and vacate that provision are moot. *See, e.g., United States v. Zukerman*, 897 F.3d 423, 428 n.1 (2d Cir. 2018) (recognizing that one of appellant's argument was "moot in light of our *Jacobson* remand").

## CONCLUSION

NYLAG respectfully requests the Court proceed to consider the remaining merits of this appeal, and is available for further oral argument should the Court find it useful.[1]

Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver
Counsel for Appellant

cc: All counsel of record (by CM/ECF)

---

[1] ED's counsel has indicated it intends to ask this Court to remand this action again to consider the impact of language in July 2025 reconciliation legislation delaying the effective date of a 2022 ED rule, Pub. L. No. 119-21, 139 Stat. 72, 355–56, §§ 85001–85002. NYLAG respectfully requests an opportunity to respond to any such request, but notes here only that the reconciliation language has no bearing on finality under 28 U.S.C. § 1291. To the extent ED believes that language provides an alternative basis for affirmance, that argument is one for this Court, not for the district court. In light of the extensive delays that have already occurred in this case—filed in 2019—and ED's failure to raise the issue in a timely fashion, a second remand would not serve the interests of justice.

*NYLAG v. McMahon*
Appellant's Letter Brief
8