

September 25, 2025

By electronic filing

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   *New York Legal Assistance Group v. McMahon*, No. 21-888
             Oral argument held December 11, 2023, before
             Judges Calabresi, Cabranes, and Bianco

Dear Ms. Wolfe:

The government respectfully submits this supplemental letter brief in response to the Court's September 4, 2025, order directing the parties to address the effect of the district court's March 20, 2025, order and amended judgment on this reinstated appeal. For the reasons set forth below, the amended judgment constitutes a final, appealable order under 28 U.S.C. § 1291. However, this Court should dismiss this appeal due to intervening circumstances—namely, the statutory codification of the 2019 Rule at issue in this case—that have mooted plaintiff-appellant New York Legal Assistance Group's Administrative

Procedure Act challenge to that rule, and vacate the amended judgment under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

## Background

### A. The 2019 Rule

This case involves a challenge under the Administrative Procedure Act ("APA") by plaintiff-appellant New York Legal Assistance Group's ("NYLAG") to final regulations published by the United States Department of Education ("ED") in September 2019, concerning defenses borrowers may raise against the repayment of certain federal loans taken by students for the purpose of attending institutions of higher education. 84 Fed. Reg. 49,788 (Sept. 23, 2019) (the "2019 Rule"). The 2019 Rule went into effect on July 1, 2020. *Id.* Among other things, the 2019 Rule revised a prior standard for borrower defenses to repayment and the process for the assertion and resolution of borrowers' defensive claims. *Id.* at 49,790. The 2019 Rule also established a three-year limitations period for borrowers to raise defensive claims as part of collection proceedings against them. 84 Fed. Reg. 49,822–24 (codified at 34 C.F.R. § 685.206(e)(6)).

In March 2021, the district court entered a judgment which upheld most of the 2019 Rule against NYLAG's claim that it was arbitrary and capricious, but remanded the limitations period provision to ED for further proceedings. In April 2021, NYLAG filed a notice of appeal from the judgment.

## B. The 2022 Rule

While NYLAG's appeal was pending, in November 2022, ED issued a final rule with an effective date of July 1, 2023, which revised the substantive provisions of the 2019 Rule that the district court upheld, and eliminated the limitations period for defensive claims. 87 Fed. Reg. 65,904 (Nov. 1, 2022) (the "2022 Rule"). The 2022 Rule applied to borrower defense applications that had been received on or after July 1, 2023, or that were pending with ED as of July 1, 2023. *Id.* at 65,909. The 2022 Rule was challenged in a lawsuit, and in April 2024 the Fifth Circuit directed entry of a preliminary injunction preventing the Rule from taking effect. *Career Colleges and Schools of Texas ("CCST") v. U.S. Department of Education*, 98 F.4th 220, 226 (5th Cir. 2024). In January 2025, the Supreme Court granted in part the government's petition for a writ of certiorari. *U.S. Department of*

*Education v. CCST*, No. 24-413 (U.S.). At the parties' request, however, in August 2025 the Supreme Court dismissed the writ of certiorari, following the government's representation that an intervening statute, *see infra at* Section D, affected the issues in that case. *Id.*

## C. The District Court's Amended Judgment on Remand

Following oral argument on NYLAG's appeal in this case, in February 2024, this Court partially remanded the matter to the district court to consider whether it should sever and vacate the limitations-period provision while keeping the remainder of the 2019 Rule in place. (ECF No. 242).

On March 20, 2025, the district court entered an amended judgment which severed and vacated the limitations-period provision. (Dist. Ct. ECF No. 109).

## D. Congress Codifies the 2019 Rule

On July 4, 2025, Congress enacted Pub. L. No. 119-21, 139 Stat. 72 (the "Act"). For all loans first originating before July 1, 2035, Section 85001(a) of the Act provides that the 2022 Rule "shall not be in effect" as of July 4, 2025. 139 Stat. 72, 355. Section 85001(b) of the Act "restored and revived" the version of the 2019 Rule that went into effect on July 1, 2020:

(b)    EFFECT.—Beginning on the date of enactment of this section, with respect to loans that first originate before July 1, 2035, any regulations relating to borrower defense to repayment that took effect on July 1, 2020, are restored and revived as such regulations were in effect on such date.

139 Stat. 72, 355–56. Because the Act restored the 2019 Rule as it was on July 1, 2020—three years before the district court entered its amended judgment on March 20, 2025—the Act effectively restored the three-year limitations period that the district court severed and vacated.

In addition, for student loans first originating before July 1, 2035, Section 85002(a) of the Act stated that the 2022 Rule's provisions relating to closed school discharges "shall not be in effect," *id.* at 356, and Section 85002(b) reinstated the closed-school discharge provisions in the 2019 Rule that went into effect on July 1, 2020. *Id.*

## Argument

### NYLAG's Appeal Should Be Dismissed As Moot and the Amended Judgment Should Be Vacated

The Court directed the government to address "the effect of the district court's order and amended judgment . . . on this reinstated appeal." The amended judgment is a final order under 28 U.S.C. § 1291, and therefore—were it not for the intervening passage of the Act—

would permit this Court's jurisdiction over NYLAG's original appeal challenging the district court's previous order upholding the bulk of the 2019 Rule.

However, because Congress codified the 2019 Rule as it went into effect on July 1, 2020, 139 Stat. at 355–56, this Court should dismiss this appeal as moot because there is no longer a live controversy as to whether that rule is arbitrary and capricious under the APA. Furthermore, the district court's amended judgment should be vacated under *Munsingwear*.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Doe v. Hochul*, 139 F.4th 165, 184 (2d Cir. 2025). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends to actual cases or controversies," and to satisfy that requirement, "a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). "A moot action must be dismissed, even if the case was live at the outset but later events rendered it moot

on appeal." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (quotation marks and alteration omitted).

NYLAG's challenge contends the 2019 Rule is an arbitrary and capricious agency action and seeks vacatur of the 2019 Rule in its entirety under § 706 of the APA. (JA 1501–05 (NYLAG's complaint), 1525–42 (district court's ruling describing NYLAG's challenges)). However, the APA only allows courts to review and grant relief regarding "agency action," not statutes. 5 U.S.C. § 706(2)(A) ("The reviewing court shall[] . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."). Congress's codification of the 2019 Rule therefore means that NYLAG no longer states a claim, and no relief to redress its asserted injury is available, under the APA. Accordingly, NYLAG's appeal should be dismissed as moot. *See, e.g., U.S. Navy SEALs 1–26 v. Biden*, 72 F.4th 666, 671–72 (5th Cir. 2023) (dismissing as moot appeal challenging agency's covid-19 vaccine mandate to servicemembers after Congress enacted law directing Secretary of Defense to rescind mandate); *Adams v. FAA*, 550 F.3d 1174, 1175–76 (D.C. Cir. 2008) (dismissing petitions for review

relating to agency regulation barring commercial airline pilots from flying aircraft after the age of 60, after Congress passed law repealing the regulation).

Vacatur of the amended judgment below is also appropriate. "When a case becomes moot on appeal, '[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (quoting *Munsingwear*, 340 U.S. at 39 (1950); (alterations in original)). Vacatur is appropriate "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *Munsingwear*, 340 U.S. at 41. Vacatur is appropriate for judgments whose review is "'prevented through happenstance,'" such as "where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties.'" *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 23 (1994) (quoting *Karcher v. May*, 484 U.S. 72, 82, 83 (1987)). "To determine whether vacatur is appropriate," this Court must also "look at the equities of the individual case." *Hassoun v. Searls*, 976 F.3d 121, 130 (2d Cir. 2020).

In this case, NYLAG's claims were mooted by act of Congress, not by circumstances attributable to any of the parties. As set forth above, the Act "restored and revived" the version of the 2019 Rule "that took effect" before the district court entered its amended judgment. 139 Stat. at 355–56. Moreover, the equities favor vacatur of the amended judgment because ED is presently subject to two conflicting obligations. The first, imposed by the amended judgment, requires ED to not apply a limitations period to borrowers' defensive claims; the second, imposed by a congressional statute, requires ED to apply a three-year limitations period to the same claims. Accordingly, this Court should vacate the amended judgment.[1]

---

[1] Alternatively, this Court may remand the matter to the district court to consider the Act's impact on NYLAG's APA challenge to the 2019 Rule and the amended judgment.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    /s/ Tomoko Onozawa
TOMOKO ONOZAWA
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:  (212) 637-2721/2703
tomoko.onozawa@usdoj.gov
benjamin.torrance@usdoj.gov

cc: Counsel of record (via electronic filing)