**PUBLIC CITIZEN LITIGATION GROUP**
1600 20th Street NW • Washington DC 20009
202/588-1000 • www.citizen.org

October 17, 2025

**By ECF**

Hon. Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *New York Legal Assistance Group v. McMahon*, No. 21-888

Dear Ms. Wolfe:

Appellant New York Legal Assistance Group (NYLAG) submits this response to the Court's October 1, 2025, Order requesting a response to the Government's argument that the "codification" of the 2019 Rule at issue in this case renders this appeal moot. The budget reconciliation statute on which the Government relies did not "codify" the 2019 Rule, but rather delayed the effective date of a 2022 Rule not at issue in this case and restored the status quo that preceded the issuance of that rule. Under that status quo, NYLAG had a live challenge to the aspects of the 2019 Rule at issue in this case. This case therefore is not moot.

### BACKGROUND

In 2022, the Department of Education (ED) promulgated a Rule that, once effective, would supersede parts of its 2019 Rule. 87 Fed. Reg. 65,904 (2022 Rule). In *Career Colleges and Schools of Texas (CCST) v. ED*, 98 F.4th 220, 256 (5th Cir.

2024), the Fifth Circuit granted an injunction against "the borrower-defense and closed-school discharge provisions" of that Rule. In January 2025, the Supreme Court granted in part the government's petition for a writ of certiorari from that decision. 145 S. Ct. 1039 (2025). Briefing was held in abeyance so that the new administration could assess its position; in May 2025, the Solicitor General informed the Court that it would continue to defend the 2022 Rule. Petitioners' Motion to Resume Merits Briefing at 3, *ED v. CCST*, No. 24-413 (U.S. May 29, 2025).

In July 2025, under House Concurrent Resolution 14 and the Congressional Budget Act of 1974, 2 U.S.C. §§ 631–645a, Congress enacted reconciliation legislation known as the "One Big Beautiful Bill Act" (OBBBA), Pub. L. No. 119-21, 139 Stat. 72. OBBBA includes two sections that delay the same provisions of the 2022 Rule that the Fifth Circuit enjoined in *CCST*. *Id.* §§ 85001–02, 139 Stat. at 355–56 ("Delay of rule relating to borrower defense to repayment" and "Delay of rule relating to closed school discharges," respectively). In light of this legislation, the Solicitor General dismissed ED's petition for review of the *CCST* injunction. *See* Letter from D. John Sauer, *ED v. CCST*, No. 24-413 (U.S. Aug. 8, 2025).

## ARGUMENT

While Congress "'has the power to ratify the acts which it might have authorized' in the first place," *Thomas v. Network Sols., Inc.*, 176 F.3d 500, 506 (D.C. Cir. 1999) (quoting *United States v. Heinszen & Co.*, 206 U.S. 370, 384

2

(1907)), to do so, "Congress must make its intention explicit." *Ala. Ass'n of Realtors v. HHS*, 539 F. Supp. 3d 29, 42 (D.D.C. 2021) (quoting *Heinszen*, 206 U.S. at 384).[1] *See also EEOC v. CBS, Inc.*, 743 F.2d 969, 974 (2d Cir. 1984) (holding that "ratifying legislation must recognize that the actions involved were unauthorized when taken and must also expressly ratify those actions in clear and unequivocal language").

The text, structure, and context of sections 85001 and 85002 do not demonstrate that Congress ratified ED's 2019 Rule. The "evident purpose" of those sections was to moot the issues raised in the *CCST* litigation with respect to the 2022 Rule—not to moot the issues raised in *this* litigation and codify the 2019 Rule. *See Maine Lobsterman's Ass'n v. Nat'l Marine Fisheries Serv.*, 70 F.4th 582, 593 (D.C. Cir. 2023) (finding statute's "evident purpose" was to postpone deadline for compliance, not to moot pending case). In *CCST*, the Fifth Circuit had "instruct[ed] the district court to postpone the effective date of the borrower-defense and closed-school discharge provisions of the [2022] Rule pending final judgment." 98 F.4th at 256. Sections 85001(a) and 85002(a) postpone the effective date of those same provisions, but for ten years.

---

[1] Neither of the two cases cited by ED in its letter brief, at 7, are apposite. In each, the question was not whether Congress ratified prior agency action, but the effect of express congressional repeal of policies on challenges to the denial of exemptions from those policies. *See U.S. Navy SEALs 1–26 v. Biden*, 72 F.4th 666 (5th Cir. 2023); *Adams v. FAA*, 550 F.3d 1174 (D.C. Cir. 2008).

The plain text of sections 85001(b) and 85002(b) confirm that Congress did not ratify or codify the 2019 Rule. Section 85001(b) provides:

> [A]ny regulations relating to borrower defense to repayment that took effect on July 1, 2020, are restored and revived as such regulations were in effect on such date.

139 Stat. 355–56. This language does not codify or ratify the substance of those regulations; rather, it "restore[s] and revive[s]" regulations that were displaced by the 2022 Rule, and it nullifies (for ten years) the impact of the 2022 Rule's amendments to those regulations. The clause "as such regulations were in effect on such date" indicates a return to the status quo of July 1, 2020—when this case was pending—and provides the Congressional Budget Office with a specific reference for estimating budgetary impact pursuant to 2 U.S.C. § 639. Section 85001(b) does not amend section 1087e of the Higher Education Act—the source of ED's authority to issue the challenged rules—and does not ratify decisions made pursuant to that grant of authority. A contrary reading would suggest a limit on ED's authority to regulate under that provision, an effect that would exceed the permissible scope of reconciliation legislation under 2 U.S.C. § 644 (the "Byrd Rule"), which limits the inclusion of non-budgetary provisions in such legislation.

That the OBBBA did no more than restore the pre-2022 Rule status quo is even clearer with respect to section 85002(b). That section, which ED notably did not include in its September 25, 2025, Letter Brief, specifies:

4

> [W]ith respect to loans that first originate before July 1, 2035, the portions of [34 C.F.R. §§ 674.33(g), 682.402(d), and 685.214] described in subsection (a) and amended by the final regulations described in subsection (a) shall be in effect as if the amendments made by such final regulations had not been made.

Again, this language does not ratify the 2019 Rule, but instead undoes the 2022 Rule's amendments and returns to the status quo as if those amendments had not been made—a status quo under which ED's compliance with the APA's reasoned decisionmaking requirements in enacting the 2019 Rule remained a live question. The OBBBA thus did not "moot" the pending controversy over the regulatory provisions at issue in this appeal; rather, it made resolution of that live controversy even more critical.

Finally, if the Court were to conclude that Appellant's claims were moot, it should not, as ED requests, vacate the part of the judgment granted in NYLAG's favor under *Munsingwear*. ED could have cross-appealed from the district court's judgment to the extent the Court held the defensive statute-of-limitations provision was unlawful; ED chose not to. Thus, that holding of the district court is not before this Court. If ED wants to seek relief from the part of the judgment the district court issued in NYLAG's favor, the avenue to do so is via a Rule 60(b) motion filed in district court.

Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver