

U.S. Department of Justice

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

By electronic filing       November 25, 2025

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:  *New York Legal Assistance Group v. McMahon*, No. 21-888
>       Oral argument held December 11, 2023, before
>       Judges Calabresi, Cabranes, and Bianco

Dear Ms. Wolfe:

The government respectfully submits this supplemental letter brief in response to the Court's October 22, 2025, order directing the government to address the October 17, 2025, supplemental letter brief filed by plaintiff-appellant New York Legal Assistance Group ("NYLAG") ("Supp. Ltr.").

In sections 85001 and 85002 of Public Law 119-21 (the "Act"), Congress made clear that it intended to ratify and reimplement the version of the borrower-defense and closed-school discharge rules in effect on July 1, 2020. It could not have been more explicit. Section 85001 declares that the borrower-defense portions of the 2022 Rule "shall not be

in effect"; for loans first originating before July 1, 2035, it "restored and revived" the 2019 borrower-defense regulations "as such regulations were in effect on [July 1, 2020]." § 85001(a), (b). Similarly, section 85002 stated that the 2022 Rule's closed-school discharge provisions "shall not be in effect," and that the 2019 Rule's provisions "shall be in effect as if the amendments made" in the 2022 Rule "had not been made." § 85002(a), (b).

NYLAG contends that these enactments did not "ratify" the 2019 Rule. (Supp. Ltr. 2–3). But the statutory language explicitly restores that Rule; that is a clear ratification.[1] Rather than grappling with the statutory language, NYLAG speculates that Congress's purpose was only to

---

[1] NYLAG suggests congressional ratification of a regulation is subject to some kind of clear statement requirement, citing a single district court decision stating "'Congress must make its intention explicit.'" (Supp. Ltr. 3 (quoting *Alabama Ass'n of Realtors v. HHS*, 539 F. Supp. 3d 29, 42 (D.D.C. 2021))). Congress did make its intention explicit. But no binding authority establishes a clear statement requirement; the 1907 Supreme Court case relied on by that district court merely states that Congress may legislate to ratify agency action. *United States v. Heinszen*, 206 U.S. 370, 384 (1907). Indeed, the Court endorsed the central point of the government's mootness argument here. Even "'were it conceded that [an agency] had no authority to do the work that was done at the time when it was done . . . the concession would not dispose of the case [because] [t]here has been congressional legislation . . . , the effect of which . . . is controlling. . . . [Congress] had power to ratify the acts which it might

moot the Fifth Circuit litigation, with no effect on this case. (Supp. Ltr. 3). Nothing in the Act's text, or anything else, supports that conclusion.[2] Indeed, Congress restored the 2019 Rule as it was in effect on July 1, 2020, demonstrating its intent to codify the rule as it existed before any legal challenges, and before the district court here partly vacated the 2019 Rule. While NYLAG asserts that the Act merely "indicates a return to the status quo of July 1, 2020" (Supp. Ltr. 4), the situation has changed in the important respect that Congress has now required the 2019 Rule to be in effect as it was on July 1, 2020—effectively transforming the Rule

---

have authorized. And the ratification, if made, was equivalent to an original authority . . . .' Congress had the power to pass the ratifying act . . . and . . . that act bars the plaintiff's right to recover." *Id.* at 383–84 (quoting *Mattingly v. District of Columbia*, 97 U.S. 687, 690 (1878)). Here, too, no matter the validity of NYLAG's argument that ED lacked power to do what it did in the 2019 Rule, Congress's intervention means that argument fails.

[2] *Maine Lobstermen's Ass'n v. National Marine Fisheries Service* is not to the contrary. There, after a district court held that an agency rule was "not stringent enough" to comply with a statute, Congress enacted a provision stating that for a four-year period, compliance with that agency rule "shall be deemed sufficient" to meet the statutory requirement. 70 F.4th 582, 591–92 (D.C. Cir. 2023). That, the court held, did not address the challenger's argument that the rule "goes too far," and therefore the new statute did not moot the case. *Id.* at 593–94. Here, in contrast, the enactment did not merely "set a temporary ceiling" but directed that the rule at issue take full effect. *Id.* at 594.

into a statute by reference and making it immune from APA challenge. It would make little sense for Congress to direct implementation of an agency rule, only to then, as NYLAG would have it, permit it to be challenged as arbitrary, capricious, or contrary to law.

Next, NYLAG argues that sections 85001 and 85002 of the Act could not have ratified the 2022 Rule because doing so "would exceed the permissible scope of reconciliation legislation under 2 U.S.C. § 644 (the 'Byrd Rule'), which limits the inclusion of non-budgetary provisions in such legislation." (Supp. Ltr. 4). Section 644 permits members of the Senate to raise a point of order against certain "extraneous" provisions in a reconciliation bill, and provides that the provisions are stricken if the point of order is sustained. But the Byrd Rule is a rule of Senate procedure; it is not self-executing or judicially enforceable, and if no Senator raises a point of order, nothing in § 644 bars text from being included in a statute. More fundamentally, the text of the enacted law controls.

NYLAG argues that vacatur under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), is improper because the Department of Education did not cross-appeal. (Supp. Ltr. 5). But courts have applied the equitable *Munsingwear* doctrine to vacate judgments in appellees' favor.

*See Goldin v. Bartholow*, 166 F.3d 710, 721 (5th Cir. 1999). That is the right result here. This case only became moot when the Act was enacted on July 4, 2025, well after the government's deadline for filing a notice of appeal. As a still-pending case, it is subject to the law in effect at the time the Court decides the issue, and because that law has made the case moot, NYLAG cannot proceed with its challenge. Alternatively, the Court could remand this matter to district court for consideration of the Act's effect on NYLAG's challenge. (Gov't Supp. Ltr. Sept. 25, 2025, at 9 n.1). That could be accomplished through this Court's instructions for the district court to modify the judgment to reflect Congress's enactment before dismissing the action as moot; or, as NYLAG suggests, through a Fed. R. Civ. P. 60(b) motion. (Supp. Ltr. 5).

Accordingly, this Court should vacate the district court's amended judgment or, alternatively, remand the matter to the district court.

    Respectfully submitted,

    JAY CLAYTON
    United States Attorney

By: /s/ Tomoko Onozawa
    TOMOKO ONOZAWA
    BENJAMIN H. TORRANCE
    Assistant United States Attorneys
    86 Chambers Street, 3rd Floor
    New York, New York 10007

cc: Counsel of record